UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 15-21414 - CIV-COOKE/Torres

URANIA ISABEL QUINTANA

    Plaintiff,

V.

MILLENIUM OIL & GAS DISTRIBUTORS
INC, a Florida corporation; and
ELENA G. HASAN,

    Defendants.

_____/

**RESPONSE TO STATEMENT OF CLAIM**

COMES NOW, the MILLENIUM OIL & GAS DISTRIBUTORS INC, a Florida corporation; and ELENA G. HASAN, pursuant to Federal Rules of Civil Procedure, and this Court's Order entered on April 21, 2015 - ORDER OF COURT-MANDATED REQUIREMENTS IN FLSA-BASED CASES -  [DE 6] and hereby responds as follows:

1. The Plaintiff failed to comply this Honorable Court's Order [DE 6] by:

    a. Failing to timely comply with the order by service a Statement of Claim within the time periods stated in the Order [DE 6].

    b. Failing to serve a copy of the Order [DE 6] on Defendants counsel until May 20, 2015 [see DE 14] well outside the mandate of the order.

    c. Failing to supply any documents whatsoever to Defendants counsel in support of the Statement of Claim. Undersigned counsel has been supplied with no support whatsoever to support the allegations in the complaint or Statement of Claim.

2. Defendants deny each and every allegation in the Plaintiff's Statement of Claim in total

*Quintana. v Millenium Oil., et al.* Page 2
Case No.: 15-CV – 21414 COOKE / Torres

both in subpart and collectively as to the Federal Overtime Claim and each are denied as follows:

a. Period of Total Claim: September 10, 2012 through January 14, 2015

b. Period 1: 9/10/2012 – 12/24/2012

c. Weeks: 15

d. Hours (worked per week): 84

e. Hours worked over 40 per week: 44

f. Hourly wage paid: $8.50/hr

g. Halftime overtime rate: $4.25/hr

h. Halftime overtime wage paid: $0.00/hr

i. Halftime overtime wage owed: $4.25/hr

j. Amount owed: $4.25/hr x 44 hrs/week x 15 weeks = $2,805.00

k. Period 2: 12/25/2012 – 12/31/2012

l. Weeks: 1

m. Hours (worked per week): 100

n. Hours worked over 40 per week: 60

o. Hourly wage paid: $0.00/hr

p. Applicable minimum wage rate: $7.25/hr

q. Time and a half overtime rate: $10.87/hr

r. Time and a half overtime wage paid: $0.00/hr

s. Time and a half overtime wage owed: $10.87/hr

t. Amount owed: $10.87/hr x 60 hrs/week x 1 week = $652.20

u. Period 3: 1/01/2013 – 1/14/2015

    v. Weeks: 106 (rounded down)

    w. Hours (worked per week): 84

    x. Hours worked over 40 per week: 44

    y. Hourly wage paid: $8.50/hr

    z. Halftime overtime rate: $4.25/hr

    aa. Halftime overtime wage paid: $0.00/hr

    bb. Halftime overtime wage owed: $4.25/hr

    cc. Amount owed: $4.25/hr x 44 hrs/week x 106 weeks = $19,822.00

3. Defendants deny each and every allegation in the Plaintiff's Statement of Claim in total both in subpart and collectively as to the Federal Overtime Claim as follows:

4. Defendants deny the Plaintiff's Statement of Claim in total both in subpart and collectively as to Federal Minimum Wage Claim and each is denied as follows::

    a. Period 1: 12/25/2012 – 12/31/2012

    b. Weeks: 1

    c. Hours (worked per week): 100

    d. Straight time minimum wage hours: 40

    e. Hourly wage paid: $0.00/hr

    f. Federal minimum wage rate: $7.25/hr

    g. Federal minimum wage owed: $7.25/hr

    h. Amount owed: $7.25/hr x 40 hrs/week x 1 week = $290.00

    i. Total Federal minimum wages claimed: $290.00.

5. Defendants deny each and every allegation in the complaint and the Statement of Claim by individual allegation and collectively.

6. Further, the Plaintiff's complaint is a sham and violates Fed.R.Civ.Pro. 11.

7. The Plaintiff's complaint alleges in paragraph 15 that the Defendants "own several business and the Defendants cross-utilized the Plaintiff during the same work weeks, including, without limitation, at the Quick-Stop nearby a shopping center and the pizzeria owned by the Defendants in said shopping center". The Plaintiff's complaint then goes on to suggest that it was the *combined* work of the Plaintiff for the *combined* businesses of the Defendants that violated the FSLA.

8. Had the Plaintiff's counsel undertaken an inquiry reasonable under the circumstances as required under Rule 11, Plaintiff's counsel would have learned that the Defendants do not own and have no interest in or managerial control over the "Quick-Stop nearby a shopping center and the pizzeria" alleged in the complaint.

9. Plaintiff's work for the Defendants never exceeded 35 hours for any workweek and the Plaintiff always received the required minimum wage.

10. As such, had the Plaintiff's counsel undertaken an inquiry reasonable under the circumstances as required under Rule 11, Plaintiff's counsel would not have been able to make the allegations made in the complaint in good faith and the Plaintiff's counsel would have discovered that the Defendants did not violate the FLSA.

11. Defendants counsel has asked the Defendants to supply Defendants counsel with all documents supporting its defenses and will supply same upon receipt. These documents will establish that the Plaintiff was paid more than minimum wage and never worked overtime at any time during the employment of the Plaintiff by the named Defendants.

12. As to the vast majority of the allegations however, the Defendants have no such documents since the Plaintiff did not work for the Defendants "other businesses" as the

4

*Quintana. v Millenium Oil., et al.*                                      *Page 5*
*Case No.: 15-CV – 21414 COOKE  / Torres*

Defendants have no access to such records.

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF on J. H. Zidell, Esq., and Julia Garnett, Esq., 300 71st Street, Suite 605, Miami Beach, Fl 33141, Via Email zabogado@aol.com and jgarrett.jhzidellpa@gmail.com on May 21, 2015.

                                               Respectfully submitted,

                                            **Baron, Breslin & Sarmiento**
                             **Primary email: EService@RichardBaronLaw.com**
                                **Secondary Email: RB@RichardBaronLaw.com**

                                                  **s/ Richard Baron**
                                         *Filed of Record via CM/ECF*

                                             Richard Baron, Esq.
                                             Fla. Bar # 178675
                                            Email: RB@RichardBaronLaw.com
                                            Baron, Breslin & Sarmiento, Attorneys at Law
                                            501 Northeast 1st Avenue
                                            Suite 201
                                            Miami, Fl 33132
                                            Tel.: 305-577-4626
                                            Fax.: 305-577-4630