**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No.: 15-21414 - CIV-COOKE/Torres**

**URANIA ISABEL QUINTANA**

       **Plaintiff,**

**V.**

**MILLENIUM OIL & GAS DISTRIBUTORS
INC, a Florida corporation; and
ELENA G. HASAN,**

       **Defendants.**

_____/

**MOTION FOR SANCTIONS PURSUANT TO
FED.R.CIV.PRO. 11**

COMES NOW, the MILLENIUM OIL & GAS DISTRIBUTORS INC, a Florida corporation and ELENA G. HASAN, pursuant to Federal Rules of Civil Procedure, Rule 11, and moves that this Honorable Court impose sanctions on the Plaintiff's counsel for violation of Rule 11(b).

In support of this motion it is asserted that:

1. The Plaintiff's complaint alleges in paragraph 15 that the Defendants "own several business and the Defendants cross-utilized the Plaintiff during the same work weeks, including, without limitation, at the Quick-Stop nearby a shopping center and the pizzeria owned by the Defendants in said shopping center". The Plaintiff's complaint then goes on to suggest that it was the *combined* work of the Plaintiff for the *combined* businesses of the Defendants that violated the FSLA.

2. Had the Plaintiff's counsel undertaken an inquiry reasonable under the circumstances as required under Rule 11, Plaintiff's counsel would have learned that the Defendants do not

own and have no interest in or managerial control over the "Quick-Stop nearby a shopping center and the pizzeria" alleged in the complaint.

3.  Plaintiff's work for the Defendants never exceeded 35 hours for any workweek and the Plaintiff always received the required minimum wage.

4.  As such, had the Plaintiff's counsel undertaken an inquiry reasonable under the circumstances as required under Rule 11, Plaintiff's counsel would not have been able to make the allegations made in the complaint in good faith and the Plaintiff's counsel would have discovered that the Defendants did not violate the FLSA.

5.  The Plaintiff's complaint violates Rule 11.

6.  But for the violation of Rule 11, Defendants would not have been required to retain counsel to defend this action.

7.  Defendants demand all attorney's fees and costs incurred in defending this action pursuant to Fed.R.Civ.Pro. 11(c)(2).

THIS MOTION WAS SERVED ON COUNSEL FOR THE PLAINTIFF ON MAY 11, 2015 BUT NOT FILED OF RECORD GIVING COUNSEL FOR THE PLAINTIFF THE 21 DAY SAFE HARBOR UNDER FED.R.CIV.PRO. 11(C)(2).

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served via on J. H. Zidell, Esq., 300 71st Street, Suite 605, Miami Beach, Fl 33141, Via US Mail and Email zabogado@aol.com on June 2, 2015.

Respectfully submitted,

**Baron, Breslin & Sarmiento**
**Primary email: EService@RichardBaronLaw.com**

**Secondary Email: <u>RB@RichardBaronLaw.com</u>**

**s/ Richard Baron**

Richard Baron, Esq.
Fla. Bar # 178675
Email: <u>RB@RichardBaronLaw.com</u>
Baron, Breslin & Sarmiento, Attorneys at Law
501 Northeast 1st Avenue
Suite 201
Miami, Fl 33132
Tel.: 305-577-4626
Fax.: 305-577-4630