UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-21414-cv-COOKE/TORRES

URANIA ISABEL QUINTANA and all others
similarly situated under 29 U.S.C. 216(b),

        Plaintiff,

v.

MILLENIUM OIL AND GAS
DISTRIBUTORS, INC., ELENA G. HASAN,
and TANVEER A. HASAN,

        Defendants.
_____/

**ORDER DENYING THE PARTIES' MOTIONS FOR SANCTIONS**

This matter is before the Court upon the parties' cross-motions for sanctions. Defendants Millenium Oil & Gas Distributors, Inc. ("Millenium") and Elena G. Hasan ("Elena Hasan") filed their Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 ("Defendants' Motion") [D.E. 19], to which Plaintiff Urania Isabel Quintana filed her Response [D.E. 20] and Defendants Millenium and Elena Hasan filed their Reply [D.E. 23]. Defendants' Motion is therefore ripe for disposition. Plaintiff filed her Motion for Sanctions Pursuant to 28 U.S.C. § 1927 ("Plaintiff's Motion") [D.E. 22] to which Defendants filed their Response [D.E. 23]. The time by which Plaintiff was to file her Reply has passed; therefore, Plaintiff's Motion is likewise ripe for disposition.

The Court has thoroughly reviewed the Motions, the parties Responses and Replies, the record, and any relevant authorities. For the reasons that follow, Defendants' Motion is **DENIED** and Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

Defendants filed their Motion against Plaintiff and her counsel pursuant to Fed. R. Civ. P. 11(c)(2), seeking Rule 11 sanctions in the form of attorneys' fees and costs incurred in defending against Plaintiff's Complaint. [*See generally* D.E. 19]. Defendants' Motion was filed on June 2, 2015 [D.E. 19] after first delivering a draft Rule 11 Motion and safe-harbor letter on May 11, 2015 [*see* D.E. 20 at p. 1]. Plaintiff filed suit against Millenium and Elena Hasan on April 14, 2015, alleging overtime and minimum-wage violations pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"). [*See generally* D.E. 1].

Plaintiff initially claimed that Millenium and Elena Hasan were her employers for FLSA purposes [D.E. 1 at ¶¶ 3 - 4] and that Plaintiff was owed compensation for her work as a cashier at Defendants' businesses, including "the Quick-Stop nearby" and "the pizzeria owned by Defendants" [D.E. 1 at ¶¶ 15 - 16]. Defendants' Motion targeted precisely these portions of Plaintiff's Complaint, arguing that had Plaintiff's counsel undertaken a reasonable inquiry prior to filing suit, counsel would have realized that neither Millenium nor Elena Hasan had an "interest in or managerial control over" the referenced Quick-Stop or pizzeria. [D.E. 19 at p. 2]. In response, Plaintiff's counsel conducted further investigation revealing the following: (1) The pizzeria allegedly at issue was not one of the businesses at which Plaintiff had been scheduled to work, and (2) an individual named Tanveer A. Hasan ("Tanveer Hasan") "was more responsible for the finances and running [Defendants'] business than" was Elena Hasan. [D.E. 20 at ¶ 3].

On June 8, 2015, Plaintiff moved to amend her Complaint [D.E. 21], and on June 29, 2015 the Court afforded Plaintiff leave to do so [D.E. 25]. Plaintiff's First Amended Complaint was thereafter filed on July 3, 2015, alleging only one count of FLSA violations against Millenium and Tanveer Hasan, for overtime wages. [D.E. 26]. In part, Plaintiff states:

> The individual Defendant TANVEER A. HASAN is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work schedule and was therefore Plaintiff's employer as defined by [the FLSA].

[D.E. 26 at ¶ 4]. Plaintiff's Amended Complaint removes any references to Elena Hasan, substituting Tanveer Hasan in her stead. It also notably omits any reference to a pizzeria and clarifies:

> *Upon information and belief*, Defendants own several businesses and Defendants cross-utilized Plaintiff during the same work weeks, including, without limitation, at *a store called Kwik Stop in a shopping center owned by the Individual Defendant*, and at the Corporate Defendant's gas station. These businesses shared employees and shared common control of said employees to create a joint employer relationship.

[D.E. 26 at ¶ 14 (emphasis added)]. Plaintiff's Amended Complaint has removed all references to the 100-hour, unpaid workweek allegedly violating the FLSA's minimum-wage requirement; has removed all references to Elena Hasan; and has specifically clarified that the referenced Kwik-Stop was owned by neither of the two original named defendants. [*Compare* D.E. 26, *with* D.E. 1].

Plaintiff filed her Motion for Sanctions Pursuant to 28 U.S.C. § 1927, seeking sanctions in the form of attorneys' fees incurred in defending against Defendants' Motion. [D.E. 22].

## II.   ANALYSIS

### A.   *Rule 11 Sanctions Standard*

Defendants bring their Motion pursuant to Fed. R. Civ. P. 11, which allows the Court to impose "appropriate sanctions" after notice and reasonable opportunity to respond when a party presents to the Court a pleading, written motion, or other paper that is not based in fact, is not legally tenable, or is submitted in bad faith for an improper purpose. Fed. R. Civ. P. 11(c); *see also Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). The Eleventh Circuit has developed a two-step inquiry for Rule 11 sanctions that examines (1) whether the claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that the claims were frivolous. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The first prong of this inquiry is an objective standard for assessing conduct, which takes into account the "reasonableness under the circumstances" and what was reasonable to believe "at the time" the representation was made to the Court. *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992); *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987).[1] Moreover, sanctions are warranted when a party

---

[1] Three types of conduct satisfy the objective prong of the test: (1) When a party files a pleading, motion, or other paper that has no reasonable factual basis; (2) when a party files a pleading, written motion or other paper that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a

demonstrates a "deliberate indifference to obvious facts," but not when the evidence is merely weak or the case is brought as a result of "poor judgment." *Davis v. Carl*, 906 F.2d 533, 537 (11th Cir. 1990). In other words, Rule 11 is intended to "deter claims with *no* factual or legal basis at all." *Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1238 (S.D. Fla. 2008) (quoting *Davis*, 906 F.2d at 538) (emphasis in original). "The main objective of the Rule is not to reward parties who are victimized by litigation; *it is to deter baseless filings and curb abuses*." *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 553 (1991) (emphasis added).

Rule 11(c) sets the procedural requirements for seeking Rule 11 sanctions. A motion for sanctions must be made separately and "must describe the specific conduct that allegedly violated Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The motion for Rule 11 sanctions must then be served on opposing counsel, but may be filed with the Court only if, within 21 days of the date of service, the challenged paper or claim is not withdrawn. Fed. R. Civ. P. 11(c)(2). "Because of the penal nature of the Rule, the procedural requirements of Rule 11 are strictly construed." *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1350 (S.D. Fla. 2009) (citing another source).

### B.   *Section 1927 Sanctions Standard*

Section 1927 provides, in pertinent part, that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required

---

reasonable argument to change existing law; and (3) when a party files a pleading, written motion or other paper in bad faith for an improper purpose. *See United States v. Milam*, 855 F.2d 739, 742 (11th Cir. 1988).

by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The plain statutory language of section 1927 makes clear that this section is not a "catch-all" provision for sanctioning objectionable conduct by counsel. *Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir. 1997). To justify an award of sanctions, a court must find that three conditions apply: (1) an attorney must engage in unreasonable and vexatious conduct; (2) this conduct must multiply the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. *Id.* An attorney's conduct meets the first of these conditions "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Hudson v. Int'l Comput. Negotiations, Inc.,* 499 F.3d 1252, 1262 (11th Cir. 2007) (quoting *Amlong & Amlong, P.A. v. Denny's Inc.*, 457 F.3d 1180, 1190 (11th Cir. 2006)). For an attorney's conduct to be tantamount to bad faith, the attorney must knowingly or recklessly pursue a frivolous claim. *Hudson,* 499 F.3d at 1262 (quoting *Amlong & Amlong, P.A.*, 457 F.3d at 1193). Negligent conduct alone will not support a finding of bad faith under § 1927, and for sanctions to be appropriate, something more than a lack of merit is required. *Hudson*, 499 F.3d at 1262 (quoting *Among & Almlong, P.A.*, 457 F.3d at 1193).

While an attorney's conduct must be tantamount to bad faith, "for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Hudson*, 499 F.3d at 1262 (quoting *Amlong & Amlong*, 457 F.3d at 1190 (internal quotations omitted)). "What is crucial is whether, regardless of the attorney's subjective intentions, the conduct was unreasonable and vexatious when

measured against an objective standard." *Hudson*, 499 F.3d at 1262 (quoting *Amlong & Amlong*, 457 F.3d at 1190). This does not necessarily mean, however, that the attorney's intent is irrelevant:

> Although the attorney's objective conduct is the focus of the analysis, the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be unreasonable and vexatious if it is done with a malicious purpose or intent.

*Hudson*, 499 F.3d at 1261 (quoting *Amlong & Amlong*, 457 F.3d at 1192) (internal citations omitted).

### B.  *Sanctions Not Warranted Pursuant to Rule 11*

Defendants argue that Plaintiff and Plaintiff's counsel should be sanctioned for violating Rule 11(b) for presenting pleadings prior to conducting an inquiry reasonable under the circumstances. [D.E. 19]. Defendants allege that Plaintiff could not have made her allegations concerning "several businesses" including a nearby "Quick-Stop" and "pizzeria" in good faith had she conducted such an inquiry beforehand. [*See* D.E. 19 at ¶¶ 1, 2, 4]. In response, Plaintiff's counsel notes that she "attempted to ameliorate the concerns brought by Defendants" when they were brought to her attention. [D.E. 20 at p. 2]. In fact Plaintiff later amended her complaint to reflect that such changes were made. [*See generally* D.E. 26]. Plaintiff's counsel notes further that the original complaint "as described [was] accurate to the best of [counsel's] knowledge," in part because Plaintiff "explained that she received her schedule from both [Defendant's business and the pizzeria] from one person, an agent of [Defendants]" named "Iris." [D.E. 20 at p. 2]. Such assertions were conveyed to

7

defense counsel prior to the date on which their Motion was filed. [*See* D.E. 20 at p. 2]. Plaintiff's counsel likewise brings the Court's attention to the fact that "Defendants never provided any documents or substantiated their factual allegations in any way" in conjunction with their Motion. [D.E. 20 at p. 2].

The Court finds that Defendants have made no showing that the actions undertaken by Plaintiff's counsel rise to a level warranting Rule 11 sanctions. To wit, Defendants failed to make a showing that Plaintiff filed a complaint based on absolutely *no* reasonable factual basis. *See Milam*, 855 F.2d at 742. Defendants produced no evidence supporting their contentions and further, the changes reflected in Plaintiff's First Amended Complaint make it apparent that, while inaccurate, Plaintiff's initial claims appeared to be at least somewhat reasonable. Plaintiff removed any references to a pizzeria and clarified that the Quick-stop at issue is apparently owned and/or operated by Tanveer Hasan rather than Elena Hasan. Defendants have made no showing that Plaintiff's counsel should have been aware that any claims were frivolous; as stated above, Defendants have presented no evidence to support their arguments. *See Baker*, 158 F.3d at 524.

To reiterate, "rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis*, 9106 F.2d at 538. Plaintiff's claims do have a factual or legal basis because the Plaintiff's counsel relied upon specific representations that Plaintiff made–and later confirmed—to counsel, with any

8

misreferences removed from Plaintiff's First Amended Complaint. Therefore, no sanctions will be awarded for violation of Rule 11(b).

### C. <u>Sanctions Not Warranted Under 28. U.S.C. § 1927</u>

Plaintiff argues that she is entitled to sanctions pursuant to 28 U.S.C. § 1927 [D.E. 22] because Defendants' attempt at obtaining Rule 11 sanctions was conducted in bad faith [D.E. 22 at p. 2]. Plaintiff contends that Defendants' Motion was "vexatious and used with strategic intent" [D.E. 22 at p. 5], warranting sanctions. After careful consideration, the Court rejects the argument that sanctions are appropriate under 28 U.S.C. § 1927. Plaintiff's counsel contends that Defendants' counsel engaged in unreasonable and vexatious conduct that multiplied the proceedings. However, when measured by an objective standard, the record fails to support a finding that the attorney's conduct here was so egregious that it was tantamount to bad faith. The Court is unable to find evidence that Defendants' lawyer knowingly and recklessly filed a frivolous motion that alone multiplied the proceedings. The court in *Peterson* acknowledged that even where the attorney's conduct had "not been in the best and highest traditions of the legal profession," sanctions were not appropriate. *Peterson*, 124 F.3d at 1396. Moreover, the issue before the Court is not what Defendants' attorney should and could have done differently, but whether his conduct is sanctionable under § 1927. The Court does not find that counsel's decision to file a Rule 11 sanctions—even an unsuccessful one—meets the high threshold of conduct "so egregious that it is tantamount to bad faith." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010). Therefore, Plaintiff's Motion for Sanctions is **DENIED**.

### *III.    CONCLUSION*

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion for Sanctions [D.E. 19] is **DENIED**.  It is likewise **ORDERED AND ADJUDGED** that Plaintiff's Motion for Sanctions [D.E. 22] is also **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August, 2015.

        /s/ *Edwin G. Torres*
        EDWIN G. TORRES
        United States Magistrate Judge